[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of Danbury. Many of the facts that give rise to this action are not in dispute. The plaintiff and the defendant were married on September 20, 1975. The plaintiff has continuously resided in this state for at least twelve months next preceding the date of the filing of the complaint in this matter. There are no minor children issue of this marriage, the parties' two children having reached the age of majority. No other children have been born to the defendant since the date of the marriage. The marriage of the parties has broken down irretrievably. Neither party has been the recipient of welfare assistance. The plaintiff is forty-seven and the defendant is forty-three. Initially, the plaintiff worked as a butcher at the Independent Grocery and earned approximately $25,000 per year. In June of 1981, he joined the Danbury Police Department, and his salary was reduced to $12,500. He has remained a police officer since that time and has always worked extensive overtime. Three years into the marriage, the plaintiff had an affair that lasted for a short period of time. The parties subsequently reconciled. He promised not to be involved again. The plaintiff had some disputes with the defendant over their two daughters and how they were being raised. Plaintiff left home in August of 1996. Prior to this, in 1995, their youngest daughter was the victim of a rape, and both parties testified that they became so distraught over this event that they could not cope with the situation. Plaintiff, in late 1996, assumed a live-in relationship with another female police officer who was a friend of both the plaintiff and the defendant and who the youngest daughter confided in when she was raped. Plaintiff worked a great deal of overtime in 1996 and grossed $69,000; in 1997 grossed $59,500; and in 1998 grossed $61,699. He is presently unable to work because of a low back problem. CT Page 1265
The defendant, who is in good health, is taking a course in accounting at Wesconn, and she has completed two of the courses. Since 1991, she has full-time employment at Earthmovers, Inc. She has been living, since 1997, with a male friend that she met at Boppers in 1996, where she was employed part-time. Her live-in contributes nothing to her financially because of health problems. The Court finds that both parties are equally at fault for the breakdown of the marriage.
The Court has considered all of the statutory criteria enumerated in § 46b-82 and § 46b-81c of the Connecticut General Statutes in making its determination and makes the following orders:
The plaintiff shall pay to defendant, as lump sum alimony, the sum of $30,000. Said sum shall be paid in semi-annual installments for a period of five years commencing six months from date of judgment.
The plaintiff shall retain ownership and possession free and clear of any claims by the defendant of his pension with the City of Danbury Police Department.
The defendant shall retain ownership and possession free and clear of any claims by the plaintiff of her Primerica Mutual Fund and 401K funds as listed on her financial affidavit.
The plaintiff and defendant shall retain any and all bank accounts in their respective names and listed on their respective financial affidavits.
The defendant shall transfer her title and interest in the 1994 Ford to the plaintiff. Plaintiff shall be solely responsible for any loan payments or any other expenses associated with this motor vehicle and will indemnify and hold the defendant harmless thereon.
The defendant shall retain ownership and possession of the 1995 Dodge as listed in her financial affidavit and shall be solely responsible for any loan payments or other expenses associated with this vehicle and will indemnify and hold the plaintiff harmless.
The plaintiff shall be responsible for the joint debt in the amount of $6154 VISA account as listed on his financial CT Page 1266 affidavit. Both parties shall be responsible for the respective debt on each of their affidavits. The plaintiff shall contribute $1500 to the defendant's counsel fees to be paid within six months.
The plaintiff shall transfer all of his right, title and interest in the marital home located at 7 Watson Drive, Danbury, having an agreed upon equity of $27,500, to the defendant. The defendant shall be solely responsible for the first and second mortgages on said property, as well as all taxes and insurance, and will indemnify and hold plaintiff harmless thereon.
The defendant shall retain the furniture and furnishings currently in the marital home.
If defendant elects pursuant to COBRA to be maintained on plaintiff's existing health insurance policy, then plaintiff shall contribute $150 per month for same until said time of coverage expires.
____________ Owens, J.